IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTINE OTTOW,

                Plaintiff,                      OPINION AND ORDER

  v.

                                                   20-cv-948-wmc

PROFESSIONAL PLACEMENT SERVICES, LLC,

                Defendant.

--------------------------------------------------------------------------------

DARRELL OTTOW,

                Plaintiff,

  v.                                                20-cv-1008-wmc

PROFESSIONAL PLACEMENT SERVICES, LLC,

                Defendant.

---

Plaintiffs, spouses Christine and Darrell Ottow, filed two separate lawsuits against defendant Professional Placement Services, LLC, alleging it violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, when it failed to report to a credit reporting agency that the Ottows' debt with Professional Placement Services was disputed. Defendant submitted offers of judgment under Federal Rule of Civil Procedure 68 to each plaintiff, which they accepted. The offers provided that defendant would pay each plaintiff $1,001 and "reasonable attorneys' fees and costs" to be agreed to by the parties, or if unable to agree, to be determined by the court. (Def.'s Offer of Judgment (dkt. #9) ¶ 2.)[1] Not surprisingly, the parties were unable to reach an agreement, leaving the determination of "reasonable attorneys' fees and costs" to the court. For the reasons

---

[1] Unless otherwise noted, citations are to the '948 docket.

that follow, the court will grant in part and deny in part plaintiffs' motions for attorney's fees and costs, and will award $2,457.00 in attorney's fees and costs in Case No. 20-cv-948 and $1,418.75 in attorney's fees and costs in Case No. 20-cv-1008.

OPINION

Plaintiffs' counsel Attorney Matthew Lein seeks an award of $2,732.50, representing $2,297.50 in fees and $435.00 in costs, in the Christine Ottow case, and $2,378.75, representing $1,978.75 in fees and $400.00 in costs, in the Darrell Ottow case. Plaintiffs seek an award of fees based on the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983). In support of each of the motions for fees, Attorney Lein seeks time records, showing that he and his paralegal Julie Benfield spent a total of 9.2 hours on Christine's case and 8.45 hours in Darrell's case and seeking $300 per hour for his time and $175 per hour for his paralegal. The $435 in costs in Christine's case consist of $400 in filing fees and $35 in process server fees; in Darrell's case, plaintiff only seeks reimbursement of $400, representing the filing fee.

In response to plaintiffs' respective petitions, defendant raises several objections, which the court will address in turn.

*First*, defendant objects to the fact that plaintiffs filed separate lawsuits. Christine filed her lawsuit on October 14, 2020, and Darrell filed his approximately three weeks later on November 4, 2020. The complaints are entirely duplicative and allege the same violation based on the same debt and failure to report to the credit reporting agency that the debt was dispute. Based on these facts, defendant argues that it was not reasonable for plaintiffs to file two separate lawsuits, and therefore, defendant should not have to

2

reimburse for two filing fees. While plaintiffs could have filed a joint lawsuit, they were not required to do so. Defendant offered two separate offers of judgment in the two cases, recognizing that it was offering to settle the two claims for the statutory damages (plus $1) and "reasonable attorneys' fees and costs." As such, the court rejects this challenge and will include the two $400 filing fees in the awards. *See, e.g.*, *Reinwand v. Nat'l Elec. Benefit Fund*, No. 14-CV-845-BBC, 2016 WL 6538012, at *2 (W.D. Wis. Nov. 3, 2016) (explaining that filing fee is "clearly a necessary and taxable cost" under 28 U.S.C. § 1920).

*Second*, defendant objects to the time spent on these two cases, offering several challenges.[2] Generally, defendant contends that the filing of two lawsuits was an attempt to inflate fees. The court rejects this argument for the same reasons as described above, but has reviewed the time records and reduced certain fees Darrell Ottow case to account for duplicative work. For example, for both cases plaintiffs sought reimbursement for approximately the same amount of time to draft the complaint. Because the complaint in Darrell's case is the same as that submitted in his wife's case, the time spent drafting that complaint should be significantly less than that spent drafting his wife's complaint. As such, the court has reduced the amount of time by two-thirds for several of the entries for Darrell's case to reflect duplication or ease of effort. To account for this, the court will reduce the attorneys' fee award in the Darrell Ottow case by $750.00.

---

[2] Defendant, however, offers no objection to the $300 hourly rate sought by Attorney Lein, nor does defendant object to the $175 hourly rate of his paralegal, although defendant objects to reimbursement of all time spent on the case by the paralegal. With respect to the $300 hourly rate for Attorney Lein, plaintiff points to Judge Peterson's decision in *Jewell v. HSN, Inc.*, No. 19-cv-247-jdp (W.D. Wis. Aug. 14, 2020), for support, in which the court reduced the requested rate from $400 to $300 per hour for Attorney Lein.

3

As for the other challenges, defendant objects to the time spent on the case by Julie Benfield, which defendant characterizes as Attorney's Lein's assistant, but plaintiffs clarify in the reply brief that she is a paralegal. In other fee contexts, time spent on a case by a paralegal is reimbursable. *See, e.g.*, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 580 (2008) (concluding that "reasonable attorney's fee" under § 1988 includes paralegal work). Moreover, the Seventh Circuit has afformed an attorneys' fee award for an FDCPA claim that includes paralegal time. *See Schlacher v. L. Offs. of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 859 (7th Cir. 2009). As such, the court rejects the general challenge to including paralegal time in the fee requests.

Defendant also seeks to exclude certain categories of damages that it deems are "administrative." For example, with respect to Attorney Lien's time, defendant objects to time spent signing a cover sheet and receiving and reviewing emails, including notifications from the court. (Def.'s Opp'n (dkt. #12) 9.) These activities, however, fall within the tasks for an attorney or a paralegal, and do not constitute the type of administrative activities, for example, printing, updating a case calendar or efiling documents, that courts exclude from fee awards because they are more properly characterized as overhead and not passed along to clients. *See, e.g.*, *Freeland v. Unum Life Ins. Co. of Am.*, No. 11-CV-053-WMC, 2014 WL 988761, at *4 (W.D. Wis. Mar. 13, 2014). In reviewing the time records for Paralegal Benfield, however, a number of her activities are "administrative," specifically, filing activities and contacting and paying a process server. As such, the court will reduce the fee award in Christine's case by $245 and will reduce the fee award in Darrell's case by

4

$210.[3]

Finally, defendant contends that time spent preparing the fee petition and preparing the reply is not reimbursable. Time spent on preparing a fee petition, however, is typically reimbursable, although the court compares the time spent on the petition with the time spent on the rest of the case to determine whether it is reasonable. *See Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 554 (7th Cir. 1999). Here, plaintiffs seek one hour of attorney time for each case in preparing the petition. To account for duplication, the court reduced the amount by 0.5 hour in Darrell's case, as described above. In light of this reduction, requesting 1.5 hours of attorney time to prepare the brief and supporting materials is reasonable.

Still, defendant persists that in light of its earlier offer of $1530 in fees for Christine's case and $300 in fees for Darrell's case (Def.'s Opp'n (dkt. #12) 16), plaintiffs' rejection of this offer and decision to file a fee petition is unreasonable. However, in light of the court's rejection of several of defendant's challenges to the fee petition, plaintiffs' decision to reject defendant's offer and seek a determination from the court was reasonable, and, therefore, the court will award fees associated with the filing of the fee petition.

In light of these rulings, the court will award $2,022.50 in attorneys' fees and $435 in costs in Christine's case, and $1,018.75 in attorneys' fees and $400 in costs in Darrell's case.

---

[3] Defendant also challenges an entry for "email from Smith" on the time records for Christine's case, questioning that "Smith" has no relationship with this case. (Def.'s Opp'n (dkt. #12) 9.) Plaintiffs did not respond to this challenge. As such, the court will deduct $30 (representing 0.10 hour of Attorney Lein's time) from the award for her case.

ORDER

IT IS ORDERED that plaintiffs' motions for attorney's fees ('948 dkt. #11; '1008 dkt. #10) are GRANTED IN PART AND DENIED IN PART as follows. Plaintiff is awarded $2,457.50 in attorney's fees and costs in Case No. 20-cv-948 and $1,418.75 in attorney's fees and costs in Case No. 20-cv-1008.

Entered this 17th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge